UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------
In re
     JACK D. BROMSTEAD
     DEBORAH A. BROMSTEAD          05-14574 B
                                                  DECISION AND ORDER
                           Debtors
------------------------------------------------------------

                          Gail Ann Wiatr, *Pro se*
                          12279 Hosmer Drive
                          Chaffee, NY 14030

                          Kenneth R. Hiller, Esq.
                          2001 Niagara Falls Blvd.
                          Amherst, NY 14228
                          Attorney for Debtors

Bucki, U.S.B.J.

      In this motion, a creditor seeks reconsideration of an order which avoided the lien of her judgment as against the homestead of the debtors. The central issue is not the outcome upon reconsideration, but whether reconsideration is appropriate under Bankruptcy Rule 9024 and Rule 60 of the Federal Rules of Civil Procedure.

      On June 28, 1996, Gail Ann Wiatr obtained a judgment against Jack Bromstead for the sum of $1,321.84. Upon being docketed with the County Clerk on October 23, 1998, this judgment became a lien against any real property that Mr. Bromstead then owned or would thereafter acquire. Consequently, when Mr. Bromstead and his wife purchased a home in September of 1999, the husband's interest in that real property was immediately encumbered by the lien of Ms. Wiatr's judgment.

      Jack and Deborah Bromstead filed a petition for relief under chapter 13 of the Bankruptcy Code on May 26, 2005. With their petition, the Bromsteads also filed

Schedule C, by which they claimed a homestead exemption with respect to their residence in East Aurora, New York. In due course, their attorney then served notice that on August 17, 2005, this court would consider the debtors' motion under 11 U.S.C. § 522(f) to avoid the liens of three outstanding judgments, including that of Gail Ann Wiatr.

Section 522(f) provides generally that a debtor "may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption." For judgments docketed after the acquisition of title, section 522(f) allows the debtor to avoid the fixing of that lien as against the debtor's exempt interest in a homestead. When the docketing of the judgment predates the purchase, however, the judgment lien attaches simultaneously with the acquisition of title. For this reason, the Second Circuit has held that for after-acquired property, the debtor's interest was at all times subject to the judgment. Thus, such pre-acquisition judgments are not the type of liens whose affixation may be avoided for purposes of section 522(f). *In re Scarpino*, 113 F.3d 338 (2nd Cir. 1997).

In their motion to avoid judgment liens, Mr. and Mrs. Bromstead represented only that the Wiatr judgment impaired their homestead exemption. At no time did the court realize that the Bromsteads had acquired the property after the docketing of any judgment. Had this fact been brought to my attention, I would presumably have denied the request pursuant to the authority of *Scarpino*. In the absence of any opposition, the motion was granted. On August 18, 2005, I then signed an order (the "August 18th Order") avoiding three liens, including that of Gail Ann Wiatr.

Five days after entry of the August 18th Order, Ms. Wiatr filed a proof of secured claim for the balance due on her judgment plus accrued interest and costs, in the total amount of $3,396.53. Based upon the prior relief under section 522(f), the debtor then objected to the allowance of the claim as a secured obligation. In response to that objection, Wiatr appeared *pro se.* From her argument, the court learned for the first time that Ms. Wiatr's judgment had pre-dated the acquisition of title by the debtors. With respect to avoidance of liens, however, the August 18th Order had established the law of the case. Because Wiatr's lien was already avoided, I sustained the objection to the secured status of her claim.

On December 5, 2005, in my oral decision to sustain the objection to Wiatr's claim of secured status, I explained that I was obliged to follow the August 18th Order until such time as that order was modified. For this reason, Gail Ann Wiatr now moves for reconsideration of that earlier order.

Subject to exceptions that are not here relevant, Bankruptcy Rule 9024 states that Rule 60 of the Federal Rules of Civil Procedure applies in cases under the Bankruptcy Code. In relevant part, subsection (b) of Rule 60 provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." In the present instance, there occurred mistakes of both fact and law. With respect to the facts, the court held the mistaken understanding that the judgment was docketed after the debtors' acquisition of title. A mistake of law occurred in the failure of the parties to appreciate the application of the holding in *In re Scarpino*. Pursuant to F.R.C.P. 60,

05-14574B                                                                                              4

these mistakes warrant a reconsideration of the August 18th Order.

The debtors contend that reconsideration is untimely, in that almost four months transpired between entry of the August 18th Order and Wiatr's motion for reconsideration.  F.R.C.P. Rule 60 states, however, that a motion under part (b) "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."  Clearly, Ms. Wiatr has satisfied the limitation of one year from entry of the order.  In my view, the request for reconsideration was further brought within a reasonable time.  Ms. Wiatr has appeared *pro se*.  In her papers, she recites her belief that a proof of claim would protect her interests.  Consistent with that belief, she filed a proof of claim only a few days after the August 18th Order.  By reason of that proof of claim, the debtors received prompt and reasonable notice of Ms. Wiatr's continuing claim to secured status.  Thereafter, Ms. Wiatr filed her motion for reconsideration of the August 18th Order shortly after the hearing on the claim objection and before entry of the order sustaining that objection.  Under all of the circumstances, I am satisfied that Gail Ann Wiatr made her request for reconsideration within a reasonable time.

For the reasons stated herein, I will grant the motion for reconsideration of the August 18th Order.  Upon reconsideration, this court vacates that portion of the order which purports to avoid the lien of Gail Ann Wiatr.  In as much as the other respondents appear to have docketed their liens after the debtors' acquisition of title, this reconsideration will not impact any grant of relief under section 522(f) as against judgment lienors other than Gail Ann Wiatr.  Finally, because the August 18th Order provided the predicate for the debtors' claim objection, I will also vacate the order of

05-14574B                                                                                                                     5

January 23, 2006, which disallowed the secured status of Ms. Wiatr's claim.

      So ordered.

Dated: Buffalo, New York                    /s/    CARL L. BUCKI
       November 17, 2006                          U.S.B.J.